**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| TRULAND GROUP, INC., *et al.*, | ) | Case No. 14-12766-BFK |
| | ) | Jointly Administered |
| Debtors. | ) | |
| _____ | ) | |
| SATINA MATTHEWS | ) | |
| SUMMER JAMES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 14-01136-BFK |
| | ) | |
| TRULAND GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION
AND ORDER**

This matter comes before the Court on the Trustee's Motion to Dismiss the Plaintiffs' Complaint pursuant to Bankruptcy Rule 7012. *See* FED. R. BANKR. P. 7012 (incorporating FED. R. CIV. P. 12(b)(6)). The issues are: (1) whether the Plaintiffs' claims under the Worker Adjustment and Retraining Notification (WARN) Act (29 U.S.C. §§ 2101–2109) rise to the level of administrative claims under 11 U.S.C. § 503(b)(1)(A)(ii); and (2) whether the Plaintiffs' claims are appropriate for class action treatment, as opposed to the ordinary proof of claim or administrative claim procedures set out in the Bankruptcy Rules. The Court holds, for the reasons stated below, that the Plaintiffs' claims, if allowed, will be entitled to administrative priority under Section 503(b)(1)(A)(ii) of the Code. The Court further holds that class certification is superior in these cases to the ordinary Bankruptcy Rules relating to proofs of claim, subject to certification of a class under Rule 23.

**Facts Taken as True for Purposes of this Motion**

The Complaint alleges that as of July 18, 2014, the Debtors were operating an electrical contractor business with approximately 1,000 full and part-time employees. Complaint at ¶ 1. It alleges that on or about July 21, 2014, the Debtors terminated all of their employees. *Id.* at ¶ 2. The Plaintiffs allege that the Debtors violated the WARN Act by failing to give the required 60 days' notice in advance of their terminations. *Id.* at ¶¶ 3–4.[1]

On July 23, 2014, each of the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The cases are being jointly administered, but are not substantively consolidated. *See In re The Truland Group, Inc.*, Case No. 14-12766-BFK, Dkt. No. 150 (Order Granting Motion for Joint Administration of Case No. 14-12766, with Case Nos. 14-12767, 14-12768, 14-12769, 14-12770, 14-12771, 14-12772, 14-12773, 14-12774, 14-12775). Ms. Kindred is the duly appointed Chapter 7 Trustee.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the District Court for this District on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

Under the Supreme Court's decisions in *Twombly* and *Iqbal*, to survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

---

[1] Count III of the Complaint also alleges violations of certain State wage payment laws. Complaint at ¶¶ 60–65.

*Twombly*, 550 U.S. at 556. In *Iqbal*, the Court held: "[W]hether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Court accepts as true all well-pleaded facts in the Complaint, but is not required to accept allegations that are legal conclusions. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ("[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6).") (citing *Iqbal*, 556 U.S. at 678) (internal citations omitted).

### I. The Plaintiffs' WARN Act Claims, if Allowed, are Entitled to Administrative Priority.

The WARN Act was enacted on August 4, 1988, and became effective on February 4, 1989. The Act requires 60 days' notice to affected employees, or their representatives, of a plant closing or mass layoff. 29 U.S.C. § 2102(a)(1). The term "employer" means any business enterprise that employs 100 or more employees, excluding part-time employees. 29 U.S.C. § 2101(a)(1)(A). Certain reductions of the notice period are statutorily permitted, in the event that: (a) the employer "was actively seeking capital or business which, if obtained, would have enabled the employer to avoid or postpone the shutdown and the employer reasonably and in good faith believed that giving the notice required would have precluded the employer from obtaining the needed capital or business;" (b) there were "business circumstances that were not reasonably foreseeable as of the time that the notice would have been required;" or (c) the business is the subject of a natural disaster. 29 U.S.C. § 2102(b)(1)–(3). In the event of a violation, employees are entitled to back pay and benefits calculated for the period of the

violation, up to a maximum of 60 days, but in no event more than one-half the number of days the employee was employed by the employer. 29 U.S.C. § 2104(a)(1).

There is a good faith exception to liability for employers who are able "to prove to the satisfaction of the court that the violation was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation, in which event the court may, in its discretion, reduce the amount of the liability." 29 U.S.C. § 2104(a)(4). The Act provides for jurisdiction in any district court in which the violation is alleged to have occurred or in which the employer transacts business. *See* 29 U.S.C. § 2104(a)(5).

On April 20, 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Prior to BAPCPA, Section 503(b)(1)(A) of the Code provided for allowed administrative expense claims for "the actual, necessary costs and expenses of preserving the estate including wages, salaries, and commissions for services rendered after the commencement of the case[.]" 11 U.S.C. § 503(b)(1)(A) (2004). Before BAPCPA, the courts held that WARN Act damages were, at best, third or fourth priority claims under Sections 507(a)(3) or (4), up to the amount of the statutory cap. *See, e.g.*, *In re Kitty Hawk, Inc.*, 255 B.R. 428, 436 (Bankr. N.D. Tex. 2000).

The BAPCPA Amendments added subsection (ii) to Section 503(b)(1)(A), to provide administrative expense priority as follows:

> [T]he actual, necessary costs and expenses of preserving the estate including—
>
> (i) wages, salaries, and commissions for services rendered after the commencement of the case; and
>
> (ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the

4

> time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the case under this title[.]

11 U.S.C. § 503(b)(1)(A) (2013).

There is virtually no legislative history to subsection (ii), other than a restatement of the language itself. *See* H.R. Rep. No. 109-31, at 84 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 150. The statute appears to contradict itself. On the one hand, the introductory language requires that the claim for administrative expenses be for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). On the other hand, subsection (ii) allows an administrative expense "without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered." 11 U.S.C. § 503(b)(1)(A)(ii). One court has noted that the addition of subsection (ii) "vitiates" the emphasis on a benefit to the estate, "allowing for administrative expense claims when the claimant did not necessarily provide a concrete benefit to the estate." *In re Powermate Holding Corp.*, 394 B.R. 765, 776 n.66 (Bankr. D. Del. 2008).

The Trustee in this case concedes, properly, that the Plaintiffs have alleged sufficient facts to sustain the conclusion that a WARN Act violation has occurred, subject to whatever affirmative defenses may be available. There is no dispute that a mass layoff occurred of over 100 full-time employees, just prior to the time that the Debtors filed their bankruptcy petitions under Chapter 7.

    A.  *First Magnus's Reliance on the Word "And."*

The Trustee argues first that the word "and" between subsections (i) and (ii) indicates that administrative claimants must prove *both* that the claim is for "wages, salaries, and commissions

for services rendered after the commencement of the case" under subsection (i), and that the requirements of subsection (ii) are satisfied, relying on *In re First Magnus Financial Corp.*, 390 B.R. 667, 677 (Bankr. D. Az. 2008), *aff'd* 403 B.R. 659 (D. Az. 2009). Two courts have rejected *First Magnus's* reliance on the word "and" between subsections (i) and (ii). In the case of *In re Powermate Holding Corp.*, the court, focusing on the word "including" in the introductory language of Section 503(b)(1)(A), held that the "and" meant that subsections (i) and (ii) "are categories within a particular subset of allowable administrative expenses." *Powermate*, 394 B.R. at 774. The court in *In re Philadelphia Newspapers, LLC*, 433 B.R. 164, 173–74 (Bankr. E.D. Pa. 2010), adopted *Powermate's* reasoning on this portion of the statute.[2]

The Court agrees with the *Powermate* and *Philadelphia Newspapers* courts on this point, for two reasons. First, although there is no legislative history on the point, the language in subsection (ii) ("without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered") would indicate that Congress intended to expand the availability of Section 503(b)(1)(A) administrative treatment for employee claims, not to diminish its availability. *See also* 29 U.S.C. § 2106 ("It is the sense of Congress that an employer who is not required to comply with the notice requirements of Section 2102 of this title should, to the extent possible, provide notice to its employees about a proposal to close a plant or permanently reduce its workforce.") If Congress intended to mean what the *First Magnus* court concluded, then the addition of subsection (ii) in 2005 did very little to advance the cause of terminated employees. In fact, if employees have to satisfy both prongs of Section 503(b)(1)(A)(i) and (ii), then the addition of subsection (ii) actually would have served to limit

---

[2] Section 503(b)(1)(A) uses the word "including" twice, once in the introductory language of subsection (b), and once at the end of subsection (b)(1)(A). The term "including" is not limiting. 11 U.S.C. § 102(3).

Section 503(b)(1)(A)'s ambit. Further, assuming that Congress was aware of cases like *Kitty Hawk*, then the addition of subsection (ii) did nothing at all for employees who were terminated pre-petition because those employees would have had no right to administrative expense status under subsection (i) in the first place.

Second, Section 503(b) itself is divided into nine subsections. At the end of subsection (8), relating to the costs and expenses of closing a health care business, and before subsection (9), granting administrative priority for the value of goods received by debtors within the 20 days before the bankruptcy case is filed, the statute uses the word "and." No one would seriously suggest that an administrative claimant must satisfy all nine subsections in Section 503(b) in order to qualify for administrative expense treatment. Rather, the use of the word "and" is universally understood to mean a list of allowable administrative expenses, not a list of requirements for the allowance of single claim for an administrative expense. For these reasons, the Court concludes that the use of the word "and" between subsections (i) and (ii) in Section 503(b)(1)(A) does not require the Plaintiffs to satisfy both subsections in order to gain administrative expense treatment.[3]

   B. *Powermate's Focus on "Vesting."*

The Trustee next argues, relying on *Powermate*, that because the employees in this case were terminated pre-petition, their rights vested before the bankruptcy case was filed, and their claims cannot be accorded administrative expense priority. It is true that the Fourth Circuit has

---

[3] Another section of BAPCPA re-wrote portions of Section 1112(b)(4) of the Code, defining "cause" for purposes of conversion or dismissal of a Chapter 11 case. Congress changed the "or" to "and" at the end of this subsection. *Compare* 11 U.S.C. § 1112(b)(9)–(10) (2004), *with* 11 U.S.C. § 1112(b)(4)(O)–(P) (2013). Post-BAPCPA, the courts have held that "[o]ne ground . . . is sufficient, standing alone, to establish cause under the statute." *In re Colon Martinez*, 472 B.R. 137, 144 (B.A.P. 1st Cir. 2012) (quoting *Keven A. McKenna, P.C. v. Official Comm. of Unsecured Creditors (In re Keven A. McKenna, P.C.)*, No. CA 10–472 ML, 2011 WL 2214763, at *1 (D. R.I. May 31, 2011).

held: "Since there is a general presumption in bankruptcy cases that all of a debtor's limited resources will be equally distributed among creditors, § 503 must be narrowly construed." *In re Merry-Go-Round Enterprises, Inc.*, 180 F.3d 149, 157 (4th Cir. 1999) (pre-BAPCPA case); *see Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 866 (4th Cir. 1994) (pre-BAPCPA case). It is also true, on the other hand, that in interpreting statutes the "plain and ordinary meaning provides the 'most reliable indicator of Congressional intent.'" *Matson v. Alarcon*, 651 F.3d 404, 408 (4th Cir. 2011) (quoting *Soliman v. Gonzales*, 419 F.3d 276, 282 (4th Cir. 2005)). In this case, the Court must respectfully part company with *Powermate*'s view that vesting of the employees' rights pre-petition or post-petition is determinative of the allowance of the employees' claims for administrative expenses. The focus on the timing of vesting, in the Court's view, is inconsistent with the plain language of subsection (ii) of Section 503(b)(1)(A)—that the employees are entitled to an administrative expense "without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered[.]" 11 U.S.C. § 503(b)(1)(A)(ii). *Powermate*'s focus on vesting cannot be squared with the "without regard to the time" language of the statute. As the court in *Philadelphia Newspapers* held:

> [T]he fact that § 503(b)(1)(A)(ii) specifically states that wages and benefits are to be treated as administrative expenses thereunder without regard to "whether any services were rendered" cannot be ignored. The inclusion of this language in subsection (ii) is in stark contrast to the language in subsection (i) referring to "wages, salaries, and commissions *for services rendered* after the commencement of the case [.]"
> 
> Consequently, if back pay is awarded for any period of time "attributable to any time occurring after commencement of a case" *and* the back pay meets the other requirements listed in subsection (ii), then this Court holds that back pay constitutes an allowed, administrative expense under § 503(b)(1)(A) without regard to whether services have been rendered. If Congress did not intend this result when it enacted § 503(b)(1)(A)(ii), then it is up to Congress to re-word the statute.

*Philadelphia Newspapers*, 433 B.R. at 175 (footnotes and citations omitted).

*C. The Requirement of an NLRB Award or a Judgment.*

Finally, the Trustee argues that the claim cannot be allowed under subsection (ii) because the claimants are not the beneficiaries of an award before the NLRB, or of a judgment from a U.S. District Court, noting that under Section 2104(a)(5) of the Act, jurisdiction rests with the District Court. *See* 29 U.S.C. § 2104(a)(5). Subsection (ii), however, is not limited to a pre-petition judicial award. The award of damages can be entered pre-petition or post-petition. *See In re 710 Long Ridge Rd. Operating Co., II, LLC*, 505 B.R. 163, 175 (Bankr. D. N.J. 2014) ("[I]n § 503, the word 'awarded' is a past participle phrase that serves as an adjective modifying the nouns 'wages' and 'benefits' and thus does not indicate the award must have been entered prior to moving for administrative expense priority.")[4]

Further, this Court is a unit of the District Court. 28 U.S.C. § 151 (providing "the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district"). This Court has core jurisdiction to determine the allowance or disallowance of claims against the estate. 28 U.S.C. § 157(b)(2)(B). The Trustee is free to move to withdraw the reference of this action to the District Court, should she so desire. *See* 28 U.S.C. § 157(d) ("The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires

---

[4] Recently, the District Court for this district interpreted the phrase "actually incurred" in the context of a private agreement, and stated that the term "is a past participle phrase being used as an adjective, and, as such, is not restricted to referencing the past." *Airlines Reporting Corp. v. Sarrion Travel, Inc.*, 846 F. Supp.2d 533, 539 n.7 (E.D. Va. 2012) (citing *Waag v. Permann (In re Permann)*, 418 B.R. 373, 379 (B.A.P. 9th Cir. 2009)). Judge Ellis cited the *Waag* case, in which the Bankruptcy Appellate Panel for the Ninth Circuit held that Section 1328(a)(4), in using the term "awarded" in the context of non-dischargeable damages, was not restricted to the past. *See Wagg*, 418 B.R. at 379. *See also In re Adams*, 478 B.R. 476, 483 (Bankr. N.D. Ga. 2012) ("the majority view interprets 'awarded' [under Section 1328(a)(4)] as a past participle").

9

consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.")

The Court finds that, should this Court award the Plaintiffs damages under the WARN Act in this adversary proceeding (or, alternatively, should the District Court award damages under the WARN Act in the event that the District Court withdraws the reference), this will satisfy the "judicial proceeding" requirement of subsection (ii) of Section 503(b)(1)(A).

For these reasons, the Court holds that any wages and benefits that may be awarded pursuant to the WARN Act shall constitute administrative expenses under subsection (ii) of Section 503(b)(1)(A) of the Code.

## II. Certification of a Class Is Superior.

Bankruptcy Rule 7023 provides that Rule 23 of the Federal Rules of Civil Procedure applies in adversary proceedings. FED. R. BANKR. P. 7023. Rule 23(b)(3) requires the Court to consider "that the questions of law or fact common to class members predominate over any questions affecting only individual members, *and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.*" FED. R. CIV. P. 23 (b)(3) (emphasis added). Bankruptcy-related factors are relevant as a part of the Court's Rule 23(b) analysis. *In re TWL Corp.*, 712 F.3d 886, 895 n.9 (5th Cir. 2013).

The Trustee concedes that the Plaintiffs have sufficiently plead the elements for certification of a class. *See* Complaint at ¶¶ 22–35; Trustee's Motion to Dismiss, Dkt. No. 10 at 8. She argues that the Bankruptcy Rules providing for the filing and allowance or disallowance of proofs of claim will suffice and that class certification is unnecessary. The Court disagrees. Subject to certification of a class, the Court finds that in this case class certification will be the superior method for the determination of the employees' claims under the WARN Act.

The Fourth Circuit addressed the closely related issue of class proofs of claim in the case of *Gentry v. Seigel*, 668 F.3d 83 (4th Cir. 2012). The *Gentry* case arose out of the Circuit City bankruptcy, which started as a reorganization, but ended up as a liquidating Chapter 11. In *Gentry*, four individuals had filed pre-petition, putative class actions against Circuit City, based on California wage and hour laws. *Id.* at 85. No classes had been certified in any of the cases by the time that Circuit City filed for bankruptcy. *Id.* at 86. The putative class representatives filed motions under Bankruptcy Rule 9014 for leave to file class proofs of claim.[5] *Id.* at 85. The Bankruptcy Judge denied the Motion, holding that: (a) the Motion was untimely; and (b) the proof of claim allowance process that was already underway in the case was superior to a class action. *Id.* The Fourth Circuit reversed on the first issue, holding that the Motion was not untimely. *Id.* at 92. It affirmed on the second issue. In doing so, it held: "In the absence of some prohibiting rule or principle, the Bankruptcy Rules should be construed to facilitate creditors' pursuit of legitimate claims and to allow Civil Rule 23 to be applied if doing so would result in a more practical and efficient process for the adjudication of claims." *Id.* at 90. The Court affirmed the bankruptcy court's decision, based on the facts of the case: approximately 15,000 claims had been filed, and orders had been entered with respect to 7,800 of the claims. The bankruptcy court found that the claims allowance process was "working well," and was "well underway." *Id.* at 93. Under these facts, the Fourth Circuit held that the bankruptcy court did not abuse its discretion in refusing to allow a class proof of claim. The Court further held:

> This is not to say, however, that a class action in a bankruptcy case can never be superior. Each bankruptcy case must be assessed on a case-by-case basis to

---

[5] Rule 7023 is not one of the Rules that automatically applies in a contested matter. *See* FED. R. BANKR. P. 9014(c). The Court can, however, "at any stage in a particular matter direct that one or more of the other rules in Part VII [including Bankruptcy Rule 7023] shall apply." *Id.*

11

> determine whether allowing a class action to proceed would be superior to using the bankruptcy claims process.

*Id.* at 94.

This Court reached a similar result in *In re Movie Gallery, Inc.*, No. 10–30696–DOT, 2012 WL 909501 (Bankr. E.D. Va. March 15, 2012). In *Movie Gallery*, Chief Judge Tice denied a motion for an order allowing a class proof of claim. In doing so, he noted: "As in *Gentry*, the claims process is almost complete and has operated without incident. . . . Thousands of claims have been resolved, while only a few claims remain unresolved. In addition, substantially all of the debtors' hard assets of value have been liquidated, and a Chapter 11 plan has been confirmed (without objection by [the putative class claimant] Guerrero." *Movie Gallery*, 2012 WL 909501 at *5.[6]

A number of courts have recognized that "treating WARN Act claims as a class adversary proceeding actually is the *best* way to preserve the estate's assets." *TWL Corp.*, 712 F.3d at 904 (Graves, J., concurring). *See In re Dewey & LeBoeuf, LLP*, 487 B.R. 169, 179 n.8 (Bankr. S.D.N.Y. 2013) ("While a ruling on the class certification must await the hearing on the motion, numerous courts have recognized that WARN Act claims lend themselves to class treatment."); *In re Taylor Bean & Whitaker Mortg. Corp.*, Adversary No. 09–ap–00439–JAF, 2010 WL 4025873, at *3 (Bankr. M.D. Fla. Sept. 27, 2010) ("resolving the WARN Act claims collectively through a class action adversary proceeding will be more efficient than handling them in a piece-meal fashion through the claims process"); *In re Bill Heard Enters., Inc.*, 400 B.R. 795, 803 (Bankr. N.D. Ala. 2009); *In re First NLC Fin. Servs., LLC*, 410 B.R. 726, 730

---

[6] Chief Judge Tice also noted the Fourth Circuit's admonition in Gentry that "[t]his is not, however, a license to procrastinate. A Rule 7023 motion should be filed as soon as practicable and should be denied if it comes so late as to prejudice any party." *Movie Gallery*, 2012 WL 909501 at *4 (quoting *In re Computer Learnings Ctrs., Inc.*, 344 B.R. 79, 89 (Bankr. E.D. Va. 2006)). There is no suggestion in this case that the Plaintiffs have been guilty of any unreasonable delay in bringing their claims forward.

(Bankr. S.D. Fla. 2008) ("if the class is certified, the Court finds that as between an adversary proceeding and the claims process, an adversary proceeding has the potential to provide a less protracted and more efficient litigation framework"). One bankruptcy court has noted that WARN Act claims are "particularly amenable to class litigation." *In re Connaught Grp., Ltd.*, 491 B.R. 88, 93–94 (Bankr. S.D. N.Y. 2013) (quoting *Guippone v. BH S&B Holdings, LLC*, No. 09 Civ. 1029(CM), 2011 WL 135041, at *2 (S.D.N.Y. Mar. 30, 2011)).

The Trustee cites the *Dewey & LeBeouf* case for the proposition that an adversary proceeding is not the proper vehicle for litigating whether or not the WARN Act claims should be allowed. The Court in *In re Connaught Group, Ltd.* recognized the interrelatedness of the class proof of claim issue and the class certification issue in an adversary proceeding, noting:

> While the issue before me concerns the certification of the class in the adversary proceeding and not the proof of claim, it is difficult to separate the two issues. Despite the different procedural requirements, including that Rule 23 does not automatically apply to the claims allowance process, it appears that the substantive inquiry is the same.

*Connaught Group*, 491 B.R. at 93. In *In re TSC Global*, the Court denied a motion to dismiss, holding that WARN Act claims involve equitable claims, and that, therefore, Rule 7001(7) applied. *In re TSC Global, LLC*, Adv. Proc. No. 12-50119, 2013 WL 6502168, at *2 (Bankr. D. Del. June 26, 2013). The Court does not see why a Rule 9014 Motion for the allowance of a class proof of claim (as in *Circuit City*) presents a better procedural method for determining the parties' rights than an adversary proceeding. The Trustee is afforded all of the discovery devices and procedural safeguards in this adversary proceeding that she would enjoy in the context of a class proof of claim proceeding. The Court declines the Trustee's invitation to dismiss this adversary proceeding only to traverse the same arguments in connection with a Rule 9014 class proof of claim motion.

The Court concludes that the class action mechanism is superior to the claims allowance process in this case. First, these cases are in their infancy. Unlike the *Circuit City* and *Movie Gallery* cases, the claims resolution process in this case is not "well underway" at all. Second, unlike the claims at issue in *Circuit City* and *Movie Gallery*, the claims in this case are asserted to be administrative priority claims under Bankruptcy Code Section 503(b)(1)(A)(ii) (a proposition with which the Court agrees, if the claims are allowed, *see supra* Part I), not just unsecured claims that may be entitled to priority under Bankruptcy Code Sections 507(a)(4) and (a)(5). In bankruptcy cases, in order of priority, there are administrative claims under Section 503(b), unsecured priority claims under Section 507(a) and general unsecured claims under Section 502(b). For unsecured priority claims and general unsecured claims, the proof of claim form suffices. *See* Official Form B-10 (Proof of Claim) at ¶ 5 ("Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a)"). The filing and allowance of proofs of claim in a Chapter 7 case is governed by Bankruptcy Rules 3001 and 3002(c). *See* FED. R. BANKR. P. 3001, 3002(c). By contrast, requests for the allowance of administrative expenses must be filed with the court by application. *See* 11 U.S.C. § 503(a) ("An entity may timely file a request for payment of an administrative expense . . . ."); FED. R. BANKR. P. 2016(a) ("An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application . . . .") Thus, the proof of claim bar date in these cases simply does not aid in the allowance or disallowance of the Plaintiffs' WARN Act claims. The claimants would be free to file (or more accurately, forced to file) applications for the allowance or disallowance of their administrative priority claims even after the bar date for the filing of proofs of claims has passed.

Further, unlike *Circuit City* and *Movie Gallery*, the Trustee in this case has only begun the process of liquidating the estates' assets. There will not be a plan of liquidation confirmed in

this case, as there was in those two cases. (There may be a justifiable concern where a plan has been confirmed on which creditors voted in reliance on a representation in an approved disclosure statement that they can expect a certain range of recoveries, only to find out that their recoveries might be dramatically different if a class proof of claim is later allowed. This is not a concern in this case, as creditors will not have the opportunity review a disclosure statement or to vote on a plan.) A bar date for the filing of proofs of claim has not even been set, as these cases were all filed as "no asset" cases and creditors were told not to file proofs of claim with the Court. *See, e.g.*, *In re The Truland Group, Inc*., No. 14-12766-BFK, Notice of Meeting of Creditors, Dkt. No. 13 at 1 ("Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So").

The Court concludes that the class action mechanism is superior to requiring the filing of hundreds of applications for administrative expenses in these cases, subject to class certification under Rule 23(b).

## Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Trustee's Motion to Dismiss is DENIED.

Date: Nov 26 2014 _____

Alexandria, Virginia

/s/ Brian F. Kenney
_____
Brian F. Kenney
United States Bankruptcy Judge

eod: 11/26/2014

Copies to:
Satina Matthews
Summer James
c/o William A. Gray, Esquire
Sands Anderson PC
PO Box 1998
Richmond, VA 23218-1998
*Plaintiffs*

William A. Gray, Esquire
Elizabeth L. Gunn, Esquire
Sands Anderson PC
1111 East Main Street
P.O. Box 1998
Richmond, VA 23218-1998
*Counsel for Plaintiffs*

Charles A. Ercole, Esquire (admitted pro hac vice)
Kathryn E. Perkins, Esquire (admitted pro hac vice)
KLEHR HARRISON HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
*Counsel for Plaintiffs*

Klinette H. Kindred, Esquire
Tyler, Bartl, Ramsdell and Counts
300 N. Washington Street, Suite 202
Alexandria, VA 22314
*Chapter 7 Trustee*

Alexander McDonald Laughlin, Esquire
Wiley Rein LLP
7925 Jones Branch Drive
Suite 6200
McLean, VA 22102
*Counsel for Chapter 7 Trustee*